1008

**BAXTER WRECKING CORPORATION, Libelant-Appellant, v. Steamship ROYAL ARROW; Standard Transportation Company, Claimant-Appellee.**

Circuit Court of Appeals, Second Circuit.
October 15, 1928.

No. 11.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Peter M. Speer, of New York City (Chauncey I. Clark and Courtland Palmer, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. Decree affirmed.

**W. C. BUNYARD, guardian, etc., et al., Appellants, v. A. O. SIMPSON et al.**

Circuit Court of Appeals, Eighth Circuit.
May 15, 1928.

No. 7940.

William Neff and B. C. Franklin, both of Tulsa, Okl., and R. P. Boulding, of Wewoka, Okl., for appellants.

B. B. Blakeney, of Tulsa, Okl., Hubert Ambrister, of Oklahoma City, Okl., and H. A. Ledbetter and H. E. Ledbetter, both of Ardmore, Okl., for appellees.

PER CURIAM. Appeal dismissed, with costs, per stipulation of parties.

**Arvid J. CARLSON, Plaintiff in Error, v. UNITED STATES, Defendant in Error.**

Circuit Court of Appeals, Ninth Circuit. October 15, 1928.

No. 5357.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (27 USCA). There was testimony on the part of the government tending to show that government agents entered the hotel of which the plaintiff in error was the proprietor, in the city of Seattle, and as one of the agents approached the room occupied by the plaintiff in error he saw through the open door several persons drinking intoxicating liquor and a bottle of intoxicating liquor on the dresser. The plaintiff in error was thereupon arrested and the liquor seized. The only question presented by the record is the illegality of the search and seizure. But inasmuch as the offense was committed in the immediate presence of the officer, no warrant of arrest or search warrant was necessary, and the legality of the search and seizure does not enter into the case.

The judgment is affirmed.

**CLARKE–EMERSON MANUFACTURING COMPANY, Defendant, Appellant, v. REGAL SHOE COMPANY, Plaintiff, Appellee.**

Circuit Court of Appeals, First Circuit. October 30, 1928.

No. 2274.

Franklin F. Phillips, of Boston, Mass., for appellant.

George N. Goddard, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. The only question raised by this appeal is whether the patentee was the inventor of the device, the subject-matter of the patent in suit. In the District Court it was found that he was, and we are of the opinion that the finding should not be disturbed.

The decree of the District Court is affirmed, with costs to the appellee.